# 25-443

---

## UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

———✦———

JOSEPH J. CECCARELLI, SUSAN L. CECCARELLI,

*Plaintiffs-Appellants,*

-against-

MORGAN STANLEY PRIVATE BANK, N.A., AS ORIGINAL HOLDER OF CECCARELLI NOTE AND AS SUCCESSOR-IN-INTEREST SERVICING AGENT FOR presently UNKNOWN PURCHASERS DOES OF CECCARELLI NOTE AS PART OF SECURITIZED POOL OF RESIDENTIAL MORTGAGE NOTES, AND PURCHASER DOES OF CECCARELLI NOTE AS PART OF SECURITIZED POOL OF RESIDENTIAL MORTGAGE NOTES; AND

PURCHASER DOES IN THE CHAIN OF TITLE AFTER SALE OF CECCARELLI NOTE BEING UNKNOWN TO PLAINTIFFS, PRINCIPALS-NEW CREDITORS, SUCCESSORS-IN INTEREST TO DEFENDANT ORIGINAL HOLDER OF CECCARELLI NOTE UNDER MORTGAGE ELECTRONIC RECORDING SYSTEM, INC. FOR MEMBER BANKS (MERS),

*Defendants-Appellees.*

---

*On appeal from Orders and Judgment of the U.S.*
*District Court for the Southern District of New York*

---

## APPELLANTS' REPLY BRIEF

---

**CECCARELLI LAW FIRM PLLC**
12 East 49th Street, 11th Floor
New York, New York 10017
(917) 710-6231
jceccarelli@ceccarellilaw.com
*Attorneys for Plaintiffs-Appellants*

## TABLE OF CONTENTS

*Page*

TABLE OF AUTHORITIES.................................................................... ii

INTRODUCTION ...................................................................................1

ARGUMENT .........................................................................................2

    POINT I

    THE DISTRICT COURT CORRECTLY RULED THAT IT HAS SUBJECT MATTER JURISDICTION TO ADJUDICATE HOMEOWNERS' TILA CLAIMS FOR STATUTORY DAMAGES SET FORTH IN THE AMENDED COMPLAINT AGAINST THE NAMED DEFENDANT MERS BANK SERVICING AGENT AND ITS PRINCIPAL MERS BANK END-NOTE BUNDLER DOE, JOINTLY AND SEVERALLY .......................2

    POINT II

    HOMEOWNERS TILA LIMITATIONS PERIODS 15 U.S.C. §§ 1640(e) and (h) HAVE BEEN TOLLED UNDER PRINCIPLES OF EQUITABLE TOLLING OR IN THE ALTERNATIVE FRAUDULENT CONCEALMENT GIVEN THE INHERENTLY SELF-CONCEALING NATURE OF THE MERS BUSINESS MODEL AND OPERATIONS AGAINST SERVICING AGENT DEFENDANT MERS BANK AND ITS PRINCIPAL-NEW CREDITOR MERS BANK END-NOTE BUNDLER DOE, JOINTLY AND SEVERALLY ...............................................6

        A. Applicable Law.................................................................7

        B. Application .....................................................................10

CONCLUSION ....................................................................................14

CERTIFICATE OF COMPLIANCE ....................................................16

CERTIFICATE OF SERVICE...............................................................17

i

# TABLE OF AUTHORITIES

*Page*

**Cases**

*Cerbone v International Ladies' Garment Workers' Union*,
    768 F.2d 45 (2d Cir. 1985)…………………………………………………..9

*Exxon Mobil Corp. v Saudi Basic Indus. Corp.*,
    544 U.S. 280 (2005)……………………………………………………………4

*Greenlee v Steering Wheel, Inc.*,
    693 F. Supp. 1396 (D. Conn.1988) (Cabrenas, J.)…………………………12

*Hoblock v Albany County Bd. Elections,*
    422 F.3d 77 (2d Cir. 2005)…………………………………………………..4

*In Re:Part 60 RMBS Put-Back Litigation*,
    195 A.D.3d 40, 146 N.Y.S.3d 109 (First Dept. 2021)……………………11

*Lozano v Montoya Alvarez,*
    572 U.S. 1, 134 S.Ct. 1224, 188 L.Ed.2d (2014)…………………………...9

*McKithen v Brown*,
    481 F.3d 89 (2007)……………………………………………………………7

*McLamb v County of Suffolk,*
    280 Fed. Appx.107 (2d Cir. 2008)…………………………………………..4

*MERSCORP, Inc. v. Romaine*,
    8 N.Y. 3d 90, 828 N.Y.S.2d 266 (2006)
    (Kaye, C.J. Concurring)……………………………………………………6,10

*Myers v Citicorp Mortgage, Inc.*,
    878 F.Supp.1553 (Dist. Ct. M.D. Alabama, 1995)…………………………6

*New York v Hendrickson Bros., Inc.,*
    840 F.2d 1065 (2d Cir. 1988)………………………………………………8

*Page*

**Cases**

*Pearl v City of Long Beach,*
  296 F.3d 76 (2d Cir. 2002)…………………………………………………..8

*Rotella v Wood,*
  528 U.S.549, 120 S.Ct, 1075, 145 L.Ed.2d 1047(2000)……………………9

*Saint-Jean v. Emigrant Mortgage Company et al*.
  129 F.4th 124 (2d Cir. 2015)………………………………………………7

*Sebelius v Auburn Reg'l Med. Ctr.,*
  568 U.S. 145, 133 S. Ct. 817, 184 L.Ed.2d 627 (2013)
  Sotomayor, J., concurring………………………………………………...8

*Valdez ex rel. Donely v United States,*
  518 F.3d 173 (2d Cir. 2008)………………………………………………8

*Veltri v. Bldg. Serv. 32B-J Pension Fund*,
  393 F.3d 318 (2d Cir. 2004)………………………………………………7

*Vossbrink v Accredited Home Lenders, Inc*,
  773 F.3d 423 (2d Cir. 2014)………………………………………………3

**Statutes**

**Federal Truth in Lending Act, 15 U.S.C.**

  §1640(a)(2)(A)(i)…………………………………………………………2

  §1640(a)(3)………………………………………………………………..2

  §1640(e)…………………………………………………………………...2,5

  §1641(f)(1)………………………………………………………………..2

  §1641(g)…………………………………………………………………..2

  §1640(h)…………………………………………………………………..2, 5

**NY UCC § 3-202**…………………………………………………………………11

**Rules**

**Federal Rules Civil Procedure**

Rule 12(b)(6)…………………………………………………………………4,5

Rule 15…………………………………………………………………………3

Rule 19…………………………………………………………………………5

iv

This Brief is submitted by Plaintiffs-Appellants Joseph J. Ceccarelli and Susan L. Ceccarelli (at times, "Plaintiffs" or "Homeowners"): 1) in Reply to Appellee's Brief for Morgan Stanley Private Bank, N.A., as original holder of Ceccarelli Mortgage Note, and as successor-in-interest servicing agent for presently unknown purchaser Does in chain of title to its principal end-note bundler currently holding title to the Note under the Mortgage Electronic Recording System, Inc. for member banks (MERS) (" Defendant MERS Bank"), and 2) in further support of:

(A) reversal of the Order and Judgment of the District Court granting Defendant MERS Bank servicing agent's motion to dismiss the Amended Complaint, denying Plaintiffs-Appellants' Motion for Preliminary Injunctive relief staying the enforcement of state court judgment of foreclosure pending the determination of the merits of Plaintiffs-Appellants' TILA claims under Count I of the AC, and Order denying Plaintiffs-Appellants' motion for reconsideration, and amending complaint in an abundance of caution to narrowly tailored extent of further making explicit, what is at minimum already implicit and plainly reserved in Plaintiffs-Appellants' briefing, regarding Plaintiffs-Appellants not requiring this Court to sit in review of and vacate and set aside the state court judgment in question; and

(B) granting Plaintiffs-Appellants' motion for injunctive relief under Count II of the AC to preserve the status quo pending the adjudication of Plaintiffs-Appellants' TILA claims under Count I on the merits against servicing agent, named Defendant MERS Bank, and its new-creditor principal MERS bank end-note bundler Doe in chain of Note title, joint and severally; together with such other and further relief as is just and proper.

## ARGUMENT

### POINT I

**THE DISTRICT COURT CORRECTLY RULED THAT IT HAS SUBJECT MATTER JURISDICTION TO ADJUDICATE THEIR TILA CLAIMS FOR STATUTORY DAMAGES SET FORTH IN THE AMENDED COMPLAINT AGAINST THE NAMED DEFENDANT MERS BANK SERVICING AGENT AND ITS PRINCIPAL MERS BANK END-NOTE BUNDLER DOE, JOINTLY AND SEVERALLY**

The Court's subject matter jurisdiction under Exxon Mobil and ensuing Second Circuit authority, and concomitant supplemental jurisdiction under Court II of the Amended Complaint to stay enforcement of the state court judgment of foreclosure to preserve the status quo pending determination of Plaintiffs' TILA statutory claims under Count I against the named Defendant MERS Bank servicing agent, and its principal-new creditor end-note bundler, jointly and severally under TILA, §§ 1640(a)(2)(A)(i),(3), (e) and (h); 1641(f)(1) and (g), has been briefed under Point II of Appellants' Opening Brief.

2

In response the named Defendant MERS Bank makes a straw man argument that it has no difficulty knocking down: that the Court does not have subject matter jurisdiction because Plaintiffs Homeowners are seeking to vacate and set aside the state court foreclosure judgment on the grounds of lack of standing (real party in interest capacity) to ever have commenced it in the first place in reliance on *Vossbrink v. Accredited Home Lenders, Inc*, 773 F. 3d 423 (2d Cir. 2014) (Appellee's Brief, p. 21 ):

However, Plaintiffs Homeowners have emphasized that they are not seeking to set aside or vacate the underlying foreclosure judgment. Instead, they are seeking to preserve the status quo by staying enforcement of the judgment by the issuance of preliminary injunctive relief pending the adjudication of the merits of their TILA statutory claims for damages on the merits.

In an abundance of caution the Homeowners seek leave pursuant to F.R.C.P. Rule 15 to amend the AC to the limited extent of further making explicit, what is at minimum already implicit and plainly reserved in the Plaintiffs' briefing [ACMS DktEntry: 5; SDNY, ECF no. 28, Point I (C]: that the relief sought in the AD Damnum clause, and Nature of Action section of the AC supports the issuance of injunctive relief to preserve the status quo pending the determination of their TILA claims on the merits. (Appellants' Opening Brief, p. 28)

This limited amendment removes any arguable claim by Defendant Bank that this Court does not have subject matter jurisdiction to entertain Homeowners' TILA claims for damages under Count I for injuries that was not "caused by" underlying state court judgment (second and third *Rooker -Feldman* factors) under a post-*Exxon Mobil* analysis, including ensuing Second Circuit authority, under *Hoblock*, *Mckithen,* and *McLamb.* The limited amendment also supports that the Court does indeed have supplemental jurisdiction to entertain Homeowners' Count II claim for injunctive relief (Pls. Moving and Reply Memo. of Law in Support of Preliminary Injunction, A. 67-87; ACMS DktEntry: 5; SDNY ECF no. 28). (Appellants' Opening Brief, *Id.* )

So much of Plaintiffs-Appellants' motion for reconsideration which sought limited amendment in abundance of caution as discussed above, was denied by the District Court on the grounds of futility.  However, this decision was based upon the court below having incorrectly ruled that the Amended Complaint should be dismissed on the grounds of res judicata and limitations grounds. (Appellants' Opening Brief, Points II, III and IV).

Moreover, the District Court denied so much of Defendant MERS Bank's motion to dismiss the Homeowners' TILA statutory claims for damages under F.R.C.P. 12(b)(6) set forth in the Ad Damnum Clause of the Amended Complaint against the named Defendant MERS Bank servicing agent,  as original holder of

the Note, and its successor-in-interest, principal-new creditor end-note bundler Doe, jointly and severally, correctly ruling in accordance with *Vossbrink* that is does have subject matter jurisdiction to adjudicate them. (A. 49) (SpA. Op. p. 9, fn 4).

This holding effectively moots out res judicata or collateral estoppel serving as bar to Plaintiffs Homeowners from litigating independent, federal court, original jurisdiction statutory claims offensively under TILA § 1640(h) and F.R.C.P. Rule 19 against Defendant MERS bank servicing agent, as original holder of the Note, and its successor-in-interest principal Defendant MERS bank end-note bundler Doe, jointly and severally, as grounds for dismissal of the Amended Complaint under F.R.C.P. Rule 12(b)(6) by the District Court (SpA. Op. pps. 9-13), because there is no identity of parties or issues in the underlying foreclosure action. (Appellants' Opening Brief, Point IV)

Further, there was no basis for homeowners to have prosecuted their TILA claims defensively under TILA §1640(e) in state court, since the named Defendant MERS Bank servicing agent never added its principal new creditor end-note bundler MERS bank Doe as a party plaintiff, even putting aside for sake of discussion, the fundamental public policy undergirding New York's permissive counterclaim rule. (*Id.*)

5

It is well-settled that liability of creditors and assignees for damages under TILA are joint and several. *Greenlee v. Steering Wheel, Inc*., 693 F. Supp. 1396 (D. Conn.1988) (Cabranes, J.). There is nothing in history of the Act to indicate that Congress intended that the liability is to be separate and distinct. *Id. See, Myers v. Citicorp Mortgage, Inc.,* 878 F. Supp. 1553 (Dist Ct., M.D. Alabama, 1995).

### POINT II

**HOMEOWNERS TILA LIMITATIONS PERIODS 15 U.S.C. §§ 1640(e) and (h) HAVE BEEN TOLLED UNDER PRINCIPLES OF EQUITABLE TOLLING OR IN THE ALTERNATIVE FRAUDULENT CONCEALMENT GIVEN THE INHERENTLY SELF-CONCEALING NATURE OF THE MERS BUSINESS MODEL AND OPERATIONS AGAINST SERVICING AGENT DEFENDANT MERS BANK AND ITS PRINCIPAL-NEW CREDITOR MERS BANK END-NOTE BUNDLER DOE, JOINTLY AND SEVERALLY**

The District Court did not reach, nor did Appellee address in its brief (pps.31-32), the issue of whether the inherently self-concealing nature of the MERS Business Model and operations satisfied the requirements of fraudulent concealment, or the related doctrine of equitable tolling against both Defendant MERS Bank servicing agent and its principal-new creditor end-note bundler MERS BANK for the public policy reasons articulated by former Chief Judge Judith Ann Kaye in the seminal MERS case in New York: *MERSCORP, Inc. v. Romaine*, 8 N.Y. 3d 90, 104, 828 N.Y.S.2d 266 (2006):

Through use of MERS as nominee, transfers of mortgage instruments are faster, allowing for efficient trading in the secondary private securities market, mortgage notes change hands at least five time on average.

Although creating efficiencies for its members, MERS does not provide equivalent benefits to home buyers and borrowers…. While MERS necessarily opted for a system that tracks both the beneficial owner of the loan and servicer of the loan, its 800 numbers and Web site allow a borrower to access information regarding only the borrower's loan servicer, *and not the underlying lende*r (emphasis furnished).

The lack of disclosure creates substantial difficulties when homeowners wish to negotiate the terms of their mortgage or enforce a legal right against the mortgagee and are unable to learn the mortgagee's identity. Public records no longer contain this information. MERS effectively renders the public record useless by masking the beneficial ownership of mortgages and eliminating records of assignments altogether…

This information deficit effectively functions to insulate a noteholder from liability, mask lender error and hide predatory lending practices."

(A. 10-54, 18-22; Amended Complaint (AC), Section C, ¶¶ 36-61).

## A.  Applicable Law

In *Saint Jean v Emigrant Mortgage Company*, 129 F.4th 124, 142-145 (2d Cir. 2025) the Second Circuit discussed the principles of tolling in the context of avoiding a statute of limitations:

"Statutes of limitations are generally subject to equitable tolling where necessary to prevent unfairness to a plaintiff who is not at fault" for lateness in filing. *Veltri v Bldg. Serv. 32B-J Pension Fund*, 393 F.3d 318,322 (2d Cir. 2004).

"The taxonomy of tolling, in the context of avoiding a statute of limitations, includes at least three phrases: equitable tolling, fraudulent concealment of a cause of action, and equitable estoppel." *Pearl v City of Long Beach*, 296 F.3d 76.81 (2d Cir. 2002).

"While equitable tolling extends to circumstances outside both parties' control, the related doctrines of equitable estoppel and fraudulent concealment may bar a defendant from enforcing a statute of limitation when its own deception prevented a reasonably diligent plaintiff from bringing a timely claim." *Sebelius v Auburn Reg'l Med. Ctr.,* 568 U.S.145, 164, 133 S.Ct. 817, 184 L.Ed.2d 627 (2013) (Sotomayor, *J.*, concurring). This Circuit has explicitly clarified that "fraudulent concealment is not essential to equitable tolling." *Valdez ex rel. Donely v United States*, 518 F.3d 173,182; *Veltri*, 393 F.3d at 323 ("The relevant question is not the intention underlying defendants' conduct, but rather whether a reasonable plaintiff in the circumstances would have been aware of the existence of a cause of action.").

"..To show fraudulent concealment, a plaintiff must establish that: (1) the defendant concealed the existence of the cause of action from the plaintiff; (2) the concealment prevented plaintiff's discovery of the claim within the limitations period; and (3) the plaintiff's ignorance of the claim did not result from a lack of diligence. *New York v. Hendrickson Bros. Inc..*, 840 F.2d 1065, 1083 (2d Cir.

8

1988).  A plaintiff can prove concealment by showing "either that the defendant took affirmative steps to prevent the plaintiff's discovery of his claim or injury or that the wrong itself was of such a nature as to be self-concealing."  *Id.*

"The core inquiry of an equitable tolling analysis is whether there is "unfairness to a plaintiff who is not at fault" such that a district court may exercise its discretion and equitable power to toll the statute of limitations. *See Veltri*, 393 F.3d at 322. "

"Equitable tolling has always been based on principles of fairness and equity. *See Cerbone v Int'l Ladies Garment Workers' Union, 768 F.2d 45, 48-49 (2d Cir. 1985)* ("Though ordinarily the applicable period starts to run on the employer's commission of the unlawful act and is not tolled pending the employee's realization that the conduct was discriminatory, a court might in some cases permit tolling as a matter of fairness." (internal quotation marks omitted)"

"Equitable tolling and fraudulent concealment flow from well-settled principles. *Lozano v. Montoya Alvarez, 572 U.S.1, 11, 134 S.Ct. 1224, 188 L.Ed.2d 200 (2014)* ("Congress is presumed to incorporate equitable tolling into federal statutes of limitations because equitable tolling is part of the established backdrop of American law.") (citing *Rotella v Wood*, 528 U.S.549, 560, 120 S.Ct. 1075, 145 L.Ed.2d 1047 (2000)."

9

## B. Application

In the appeal at bar, the principles articulated by the Second Circuit in *Saint Jean,* and discussed in Plaintiffs-Appellants Opening Brief (Point III) regarding equitable tolling and fraudulent concealment are readily applicable here to the tolling of the offensive and defensive TILA limitation periods under 15 U.S.C, §§ 1640(e) and (h) regarding the inherently self-concealing nature of the MERS business model and operations for trading securitized pools of residential mortgage notes.

First, the 1640(e) and (h) limitations periods as they pertain to mandatory 15 U.S.C. §1641(g) disclosure requirements under the MERS business model and operations in which the named servicing agent Defendant MERS Bank is a large participant, is inherently self-concealing. The Plaintiff Homeowners have only been able to learn of the servicer of their Note, and not the underlying principa new-creditor MERS end-note bundler Doe in the chain of title beginning with the bundler to which Defendant MERS Bank sold their Note five months before the state court foreclosure action was commenced for the public policy reasons articulated by former Chief Judge Judith Ann Kaye in *MERSCORP, Inc. v. Romaine*, *supra*, at 104. (A. 10-54, AC, ¶¶ 1, 141, 151)

Second, under TILA there is joint and several liability by Defendant Bank, acting as servicer to, and acting in concert with the unidentified Defendant RMBS

10

note purchaser Does to which they sold the Ceccarelli Note, and these RMBS purchasers. (A 37-39; AC Claim I, ¶¶ 141-150)

Third, under the MERS business model, Defendant MERS Bank continues to earn servicing fees for the Homeowners' Note as servicing agent for their principal RMBS MERS end-note bundler in chain of title to their Note. (A. 10-54, 19; AC, Sec. C, ¶ 44)

They therefore have an ongoing financial interest in concealing who holds title to the Homeowners' Note, as well as continuing to insulate itself and their principal RMBS Note Purchaser Does from liability under TILA and representations and warranties litigation for selling a Note to the end-note bundler RMBS MERS Bank Does in chain of title to the Note, without being a holder in due course of the Note under NY UCC 3-202 at the inception of the foreclosure action. (A. 10-54, AC, Sec. C, ¶¶ 46-47) *See e.g., In Re: Part 60 RMBS Put-Back Litigation*, 185 A.D.3d 40, 146 N.Y.S.3d 109 (First Dept. 2021).

Fourth, the ongoing concealment of vital relevant information and details in writing and related disclosures by Defendant Bank, as servicing agent under 15 U.S.C. 1641(g) continues to compromise, impair and impede Plaintiffs Homeowners and their representatives from fully, fairly, and effectively competing and negotiating with, and concluding best refinancing and restructuring terms and conditions with non-MERS competing lenders as well as with Defendant MERS

11

Bank servicing agent's new, undisclosed principal RMBS Note Purchaser end-note bundler Doe in chain of title to their Note (A. 10-54, 40-13; AC ¶¶ 155-159, 7-9).

There was no actual notice, no public record constructive notice, nor any manner of reasonable diligence by the Homeowners that could have uncovered the identity of the RMBS purchaser end-note bundler Doe in the chain of title to the Note after it was sold to them by servicing agent, named Defendant MERS Bank.

Notably, the public record shows that the Homeowners' mortgage **only** was assigned by servicing agent, named Defendant MERS Bank to MERS by Corporate Assignment of Mortgage bearing "Seller's Servicing no…" (A. 51-54, attached as an Exhibit to AC). Assignment of the mortgage alone does not pass the debt itself; absent transfer of the note, assignment of the mortgage only is a nullity (A.42, 49; AC ¶¶ 169-174, 204).

The importance of the Ceccarellis having had a full and fair opportunity to compete and negotiate with and conclude best refinancing and restructuring terms and conditions is driven home by the Homeowners' missed opportunity to lock in long-term mortgage interest rates when they were at a 50-year lows in May 2020, at approximately the same two percent terms that the Homeowners' original mortgage financing was at the closing for the mortgage and note in January 2015 as "priority" Defendant Bank clients. (A.13; AC ¶ 7).

12

This is in marked contrast to the current interest rate forecasts by the Federal Reserve and others, which remain at or near most recent, historic highs of more than three times the rate the Ceccarellis closed on in January 2015, after the market turbulence following the Covid-19 Declaration of Public Health Emergency. (A. Id. AC ¶ 8).

Before the commencement of the foreclosure action the Homeowners pre-qualified for the restructuring of their mortgage note and mortgage based on the temporary medical hardship of Mr. Ceccarelli with one-year forbearance of payment of principal and interest during the period of his recovery.

The essential terms remained the same: interest only at approximately 2% for the first ten years, and amortization of the principal and interest for the next 15 years with no pre-payment penalty and the option to convert to a fixed rate mortgage throughout the life of the loan. The Ceccarellis qualified for this favorable financing based on their continuous good work and credit history dating back more than 30 years. (A. 17-18, 22-25, 42-45, 72-94; AC ¶¶ 32-35, 62-84).

Sixth, independent of the inherently self-concealing nature of the MERS business model and operations, and the mutual financial self-interest in servicing agent, named Defendant MERS bank, and the end-note bundler MERS bank Doe in actively concealing who the end-note bundler is in violation of 15 U.S.C. 1641(g), is the fraud by the attorneys for the named Defendant MERS bank on the

13

state court and before the District Court. This serves as separate and independent grounds of a deliberate pattern of concealment tolling the TILA limitations periods.

There has been a complete absence of any evidentiary showing in the four corners of the accompanying Appendix or Special Appendix that the servicing agent, named MERS bank was the true, sole and lawful owner at the inception of the foreclosure action. Counsel for named Defendant MERS Bank servicing agent saying this is so, does not make it so.  (Appellants' Opening Brief, Point I)

## **CONCLUSION**

For the reasons and upon the authorities set forth above:

1) Order and Judgment of the District Court granting Defendant MERS Bank's motion to dismiss the Amended Complaint, denying Plaintiffs-Appellants' Motion for Preliminary Injunctive relief staying the enforcement of state court judgment of foreclosure pending the determination of the merits of Plaintiffs-Appellants' TILA claims under Count I of the AC, and Order denying Plaintiffs-Appellants' motion for reconsideration, and amending complaint in an abundance of caution to narrowly tailored extent of further making explicit, what is at minimum already implicit and plainly reserved in Plaintiffs-Appellants' briefing, that this Court is not required to sit in review of and vacate and set aside the state court judgment in question, should be reversed; and

14

2) Plaintiffs Appe llants' motion for injunctive relief under Count II of the AC to preserve the status quo pending the adjudication of Plaintiffs-Appellants' TILA claims under Count I on the merits against the named Defendant MERS Bank servicing agent, and its new creditor-principal end-note bundler Doe, jointly and severally, should be granted; together with such other and further relief as is just and proper.

Dated: New York, New York
      June 26, 2025

                    Respectfully submitted,

                    Ceccarelli Law Firm PLLC

                    By: s/Joseph J. Ceccarelli
                        Joseph J. Ceccarelli
                        Tower 49
                        12 East 49th Street
                        Suite Floor 11
                        New York, New York 10017
                        jceccarelli@ceccarellilaw.com
                        M: 917-710-6231

                        *Attorneys for*
                        *Plaintiffs-Appellants*

## <u>CERTIFICATE OF COMPLIANCE</u>

Pursuant to Rule 32(a)(7)(C) of the Federal Rules of Appellate Procedure, the undersigned counsel hereby certifies that this brief complies with the type-volume limitation of Rule 32(a)(7)(B).  The word-processing system used to prepare this brief is Microsoft for Mac 2025, version 16.98. It contains 3,379 words.

Dated: New York, New York
      June 26, 2025

                        Ceccarelli Law Firm PLLC

                        By: s/<u>Joseph J. Ceccarelli</u>
                            Joseph J. Ceccarelli
                            Tower 49
                            12 East 49th Street
                            Suite Floor 11
                            New York, New York 10017
                            jceccarelli@ceccarellilaw.com
                            M: 917-710-6231

                            *Attorneys for*
                            *Plaintiffs-Appellants*

## <u>CERTICATE OF SERVICE</u>

I hereby certify that one copy of Appellants' REPLY BRIEF was served upon Appellee's counsel via the Court's ACMS System, this 26th day of June 2025, upon the following:

Stradley Ronon Stevens & Young LLP
100 Park Avenue, Suite 2000
New York, New York 10017
212-404-0641

Dated: New York, New York
   June 26, 2025

Ceccarelli Law Firm PLLC

By: s/<u>Joseph J. Ceccarelli</u>
  Joseph J. Ceccarelli
  Tower 49
  12 East 49th Street
  Suite Floor 11
  New York, New York 10017
  jceccarelli@ceccarellilaw.com
  M: 917-710-6231

  *Attorneys for*
  *Plaintiffs-Appellants*