25-443-cv
*Ceccarelli v. Morgan Stanley Private Bank, N.A.*

**UNITED STATES COURT OF APPEALS**
**FOR THE SECOND CIRCUIT**

# <u>SUMMARY ORDER</u>

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

     **At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 24th day of October, two thousand twenty-five.**

PRESENT:
> JOSEPH F. BIANCO,
> MYRNA PÉREZ,
> SARAH A. L. MERRIAM,
>     *Circuit Judges.*

_____

Joseph J. Ceccarelli, Susan L. Ceccarelli,

    *Plaintiffs-Appellants*,

      v.                                  25-443-cv

Morgan Stanley Private Bank, N.A., as Original Holder of Ceccarelli Note and as Successor−In−Interest Servicing Agent for presently Unknown Purchasers Does of Ceccarelli Note as Part of Securitized Pool of Residential Mortgage Notes, and Purchaser Does in the chain of title after sale of Ceccarelli Note being unknown to Plaintiffs, Principals−New Creditors, Successors−in Interest to Defendant Original Holder of Ceccarelli Note under Mortgage Electronic Recording System, Inc. for Member Banks (MERS),

*Defendants-Appellees.*

_____

FOR PLAINTIFFS-APPELLANTS:    JOSEPH J. CECCARELLI, Ceccarelli Law Firm PLLC, New York, NY.

FOR DEFENDANTS-APPELLEES:     CHARLES H. JEANFREAU, Stradley Ronon Stevens & Young, LLP, New York, NY (*for* Morgan Stanley Private Bank).

Appeal from a judgment and order of the United States District Court for the Southern District of New York (J. Paul Oetken, *Judge*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment, entered on January 24, 2025, is **AFFIRMED AS MODIFIED**, and the order of the district court, entered on March 25, 2025, is **AFFIRMED**.

Plaintiffs-Appellants Joseph and Susan Ceccarelli (the "Ceccarellis") appeal from the district court's judgment dismissing their Truth in Lending Act ("TILA") action against Morgan Stanley Private Bank ("Morgan Stanley") and the district court's subsequent order denying reconsideration of that judgment. We assume the parties' familiarity with the procedural history, and issues on appeal, to which we refer only as necessary to explain our decision.

In 2017, Morgan Stanley commenced a foreclosure action against the Ceccarellis in New York Supreme Court, New York County. In that action, the Ceccarellis principally argued that Morgan Stanley did not have standing to commence foreclosure proceedings because it no longer owned their mortgage and, therefore, was no longer the real party in interest. The court rejected that argument and granted summary judgment and a judgment of foreclosure in favor of Morgan Stanley. *See generally Morgan Stanley Priv. Bank, Nat'l Assoc. v. Ceccarelli*, 178 N.Y.S.3d 28

2

(App. Div. 2022).

Following the grant of the foreclosure judgment against them in New York state court, the Ceccarellis brought the instant federal lawsuit against Morgan Stanley, seeking relief from the foreclosure judgment on the same grounds asserted in the state court action and alleging that Morgan Stanley had continuously provided misinformation about the ownership of the Ceccarellis' mortgage, in violation of TILA and entitling them to statutory damages. The Ceccarellis also moved for a preliminary injunction of the state court-ordered foreclosure sale. Morgan Stanley moved, pursuant to Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6), to dismiss the amended complaint. The district court granted the motion to dismiss, concluding that: (1) it lacked jurisdiction under the *Rooker-Feldman* doctrine, *see D.C. Ct. of Appeals v. Feldman*, 460 U.S. 462 (1983); *Rooker v. Fid. Tr. Co.*, 263 U.S. 413 (1923), to review both the state court's determination that Morgan Stanley had standing as owner of the Ceccarellis' note and the ultimate foreclosure judgment; and (2) the remaining TILA claim for monetary damages was both barred by *res judicata* and untimely. *See Ceccarelli v. Morgan Stanley Priv. Bank Nat'l Assoc.*, 763 F. Supp. 3d 550, 558–62 (S.D.N.Y. 2025). The district court also dismissed the Ceccarellis' claims against the unidentified Doe defendants, *sua sponte*, on the ground that "virtually no facts have been alleged to support any kind of claim against" those defendants. *Id.* at 563 n.8. The district court accordingly also denied the motion for a preliminary injunction. The Ceccarellis subsequently moved for reconsideration, which the district court denied.

On appeal, the Ceccarellis argue that the district court erred in dismissing their amended complaint against Morgan Stanley and denying their reconsideration motion.[1] We disagree.

---

[1] The Ceccarellis do not address the district court's dismissal of their claims against the Doe defendants, so we

As set forth below, the district court correctly applied the *Rooker-Feldman* doctrine, to the extent the amended complaint sought vacatur of the foreclosure judgment, and properly dismissed the TILA claim as barred by *res judicata*.

"We review the grant of a motion to dismiss *de novo*, accepting as true all factual claims in the complaint and drawing all reasonable inferences in the plaintiff's favor." *Fink v. Time Warner Cable*, 714 F.3d 739, 740–41 (2d Cir. 2013). We also review *de novo* a district court's application of the *Rooker-Feldman* doctrine and *res judicata*. *Hoblock v. Albany Cnty. Bd. of Elections*, 422 F.3d 77, 83 (2d Cir. 2005) (*Rooker-Feldman*); *Brown Media Corp. v. K&L Gates, LLP*, 854 F.3d 150, 157 (2d Cir. 2017) (*res judicata*). We review a decision on a motion for a preliminary injunction for abuse of discretion. *Grand River Enter. Six Nations, Ltd. v. Pryor*, 481 F.3d 60, 66 (2d Cir. 2007). We review the denial of reconsideration for abuse of discretion. *Van Buskirk v. United Grp. of Cos., Inc.*, 935 F.3d 49, 53 (2d Cir. 2019).

## I.       *Rooker-Feldman*

The *Rooker-Feldman* doctrine "goes to subject matter jurisdiction" and "bars a party losing in state court from seeking what in substance would be appellate review of the state judgment in a United States district court." *Hunter v. McMahon*, 75 F.4th 62, 66–67 (2d Cir. 2023) (alteration adopted) (citation and internal quotation marks omitted). This Court has "articulated a four-part test according to which *Rooker-Feldman* applies if (1) the federal-court plaintiff lost in state court; (2) the plaintiff complains of injuries caused by a state court judgment; (3) the plaintiff invites review and rejection of that judgment; and (4) the state judgment was rendered before the district court proceedings commenced." *Id.* at 68 (internal

---

deem the claims against those defendants abandoned on appeal and do not address them.

quotation marks and citation omitted).

The district court properly dismissed the Ceccarellis' claims seeking vacatur of the state foreclosure judgment. The state court entered a judgment of foreclosure and sale against the Ceccarellis in April 2021, the First Department affirmed that judgment in November 2022, and the Ceccarellis filed this federal lawsuit two years later in September 2024 seeking relief from the state court judgment. Therefore, each requirement of the *Rooker-Feldman* test is satisfied: (1) the Ceccarellis lost in state court; (2) in the federal action, the Ceccarellis complained of injuries caused by the state court judgment, namely the granted foreclosure proceedings; (3) the Ceccarellis explicitly sought review and rejection of the state court judgment; and (4) the state court judgment was rendered before the Ceccarellis commenced this federal action. Accordingly, the district court properly held that *Rooker-Feldman* barred the Ceccarellis' challenge to the state foreclosure judgment.

However, as the district court also properly recognized, the Ceccarellis' claim for damages under TILA was not barred by *Rooker-Feldman*. A federal suit does not complain of injury from a state-court judgment—*i.e.*, the second *Rooker-Feldman* requirement—when the complained of action was "not produced" by the state court action. *Hoblock*, 422 F.3d at 88. Here, the Ceccarellis' claim for damages under TILA relates to the alleged acts of fraud committed by Morgan Stanley, namely Morgan Stanley's refusal to identify the third-party buyer of the mortgage note and the subsequent commencement of a foreclosure action—not the judgment itself. In advancing the TILA claim, the Ceccarellis were "not seeking to overturn or void the state judgment" but "instead sought damages for injuries caused by [Morgan Stanley's] actions." *Vossbrinck v. Accredited Home Lenders, Inc.*, 773 F.3d 423, 428 n.2 (2d Cir. 2014).

As such, the district court properly concluded that the TILA claim was not barred under *Rooker-Feldman*.

## II.    Res Judicata

Even though the TILA claim was not barred by *Rooker-Feldman*, the district court correctly determined it was barred by *res judicata*. "A federal court must give to a state-court judgment the same preclusive effect as would be given that judgment under the law of the State in which the judgment was rendered." *O'Connor v. Pierson*, 568 F.3d 64, 69 (2d Cir. 2009) (alteration adopted) (quoting *Migra v. Warren City Sch. Dist. Bd. of Educ.*, 465 U.S. 75, 81 (1984)). Here, we must determine whether New York would give the state court judgment against the Ceccarellis preclusive effect.

"In New York, res judicata, or claim preclusion, bars successive litigation based upon the same transaction or series of connected transactions if: (i) there is a judgment on the merits rendered by a court of competent jurisdiction, and (ii) the party against whom the doctrine is invoked was a party to the previous action, or in privity with a party who was." *People ex rel. Spitzer v. Applied Card Sys., Inc.*, 894 N.E.2d 1, 12 (N.Y. 2008) (internal quotation marks and citations omitted). "Importantly, the claim preclusion rule extends beyond attempts to relitigate identical claims." *Simmons v. Trans Express Inc.*, 170 N.E.3d 733, 736 (N.Y. 2021). "[O]nce a claim is brought to a final conclusion, *all other claims arising out of the same transaction or series of transactions* are barred, even if based upon different theories or if seeking a different remedy." *Id.* (citation omitted). "This rule is grounded in public policy concerns, including fairness to the parties, and is intended to ensure finality, prevent vexatious litigation and promote judicial economy." *Id.* (internal quotation marks and citation omitted).

However, the New York Court of Appeals "has taken a pragmatic and flexible attitude toward claim preclusion, recognizing that the doctrine, if applied too rigidly, could work considerable injustice." *Id.* (internal quotation marks and citation omitted). "Thus, to determine whether two claims arise out of the same transaction or series of transactions . . . courts should analyze [1] whether the claims turn on facts that are related in time, space, origin, or motivation, [2] whether they form a convenient trial unit, and [3] whether their treatment as a unit conforms to the parties' expectations or business understanding or usage." *Id.* (internal quotation marks and citations omitted).

Applying New York's pragmatic and flexible approach, we conclude that *res judicata* bars the Ceccarellis' TILA claim. As a threshold matter, in granting Morgan Stanley's motion for final judgment of foreclosure and sale and denying the Ceccarellis' motion for summary judgment, the state court entered a judgment on the merits. *See Ciraldo v. JP Morgan Chase Bank, N.A.*, 34 N.Y.S.3d 113, 115 (App. Div. 2016) ("A judgment of foreclosure and sale is final as to all questions at issue between the parties, and concludes all matters of defense which were or could have been litigated in the foreclosure action."); *see also Methal v. City of N.Y.*, 855 N.Y.S.2d 588, 590 (App. Div. 2008) ("An order granting a summary judgment motion is on the merits and has preclusive effect."). Moreover, the Ceccarellis' TILA claim arose from the same transaction and underlying set of facts as their defenses in the foreclosure proceedings. *See Simmons*, 37 N.Y.3d at 111. In both the instant case and the state court proceedings, the Ceccarellis advance the same argument based on the same alleged facts—that Morgan Stanley was not the real owner of their mortgage note. Finally, the Ceccarellis were parties in both actions. Because the Ceccarellis had an opportunity to raise these issues in the state foreclosure

7

action and that case was decided on the merits, their TILA claim is based on the same set of allegations and is barred by *res judicata*.

The Ceccarellis argue that they need not have asserted a TILA claim in the foreclosure action because New York does not have a compulsory counterclaim rule. That argument, however, misses the mark. "While New York does not have a compulsory counterclaim rule (*see*, CPLR 3011), a party is not free to remain silent in an action in which he is the defendant and then bring a second action seeking relief inconsistent with the judgment in the first action by asserting what is simply a new legal theory." *Henry Modell & Co. v. Minister, Elders & Deacons of Reformed Protestant Church of the City of N.Y.*, 502 N.E.2d 978, 980 (N.Y. 1986).

In sum, the district court properly dismissed the TILA claim.

**III.    Motions for Preliminary Injunction and Reconsideration**

On appeal, the Ceccarellis also reiterate that they were entitled to a preliminary injunction because Morgan Stanley obtained the foreclosure judgment by fraud. However, because the district court correctly dismissed the amended complaint for the reasons described above, it properly denied the motion for a preliminary injunction as moot. Similarly, we discern no abuse of discretion in the denial of the reconsideration motion, which sought to relitigate issues already decided and failed to identify any new legal or factual matter overlooked by the district court. *See Shrader v. CSX Transp., Inc.*, 70 F.3d 255, 257 (2d Cir. 1995) (explaining that a motion for reconsideration "will generally be denied unless the moving party can point to controlling decisions or data that the court overlooked—matters, in other words, that might reasonably be expected to alter the conclusion reached by the court").

**IV.    Dismissal without Prejudice**

In dismissing the amended complaint, the district court did not specify that it dismissed the claims pursuant to *Rooker-Feldman* without prejudice.  However, "dismissals for lack of subject matter jurisdiction must be without prejudice, rather than with prejudice."  *Green v. Dep't of Educ. of City of N.Y.*, 16 F.4th 1070, 1074 (2d Cir. 2021) (internal quotation marks and citation omitted).  We therefore modify the judgment to reflect that the claims dismissed pursuant to *Rooker-Feldman* were dismissed without prejudice.  *See United States v. Adams*, 955 F.3d 238, 250–51 (2d Cir. 2020) (recognizing our authority to modify and affirm judgments under 28 U.S.C. § 2106).

*    *    *

We have considered the Ceccarellis' remaining arguments and find them to be without merit.  Accordingly, we **AFFIRM AS MODIFIED ABOVE** the judgment and **AFFIRM** the March 25, 2025 order of the district court.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court

9